UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311<br>Hon. Marianne O. Battani |
| IN RE: POWER WINDOW MOTORS | Case No. 2:13-cv-02301<br>Case No. 2:15-cv-11829 |
| THIS DOCUMENT RELATES TO ALL DIRECT PURCHASER ACTIONS | |

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION
TO DISMISS DIRECT PURCHASER PLAINTIFF'S COMPLAINT
IN THE POWER WINDOW MOTORS ACTION**

Before the Court is Defendants DENSO Corporation, DENSO International America, Inc., DENSO International Korea Corporation, ASMO North America, LLC, and ASMO North Carolina, Inc. (collectively "DENSO") and Defendants Mitsuba Corporation and America Mitsuba Corporation's (collectively "Mitsuba") motion to dismiss all claims of Plaintiff All European Auto Supply, Inc. ("AEAS") (Doc. No. 40 in 13-2301, Doc. No. 23 in 15-11829). DENSO and Mitsuba base their motion on the Court's Opinion and Order, dated April 18, 2017, filed in two component part cases that are part of this Multidistrict Litigation–Spark Plugs and Oxygen Sensors. In its Order, the Court granted the defendants' motions to dismiss the complaints because of one of the defendant's arbitration agreement. (See Doc. Nos. 46 in 15-3001; 57 in 15-3101).

The Court has reviewed all the relevant filings and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(f)(2). For the reasons that follow, the motion is **GRANTED**.

1

**I. INTRODUCTION AND PROCEDURAL BACKGROUND**

Plaintiff AEAS filed its complaint on May 20, 2015, against DENSO, Mitsuba, and Robert Bosch GmbH, Bosch Electrical Drives Co., Ltd., and Robert Bosch LLC (collectively Bosch"). Plaintiff alleged that Defendants engaged in an antitrust conspiracy to fix prices for Power Window Motors in violation of Section 1 of the Sherman Act. (Compl. ¶¶ 82-87).

AEAS only purchased Power Window Motors from Bosch. According to Defendants, in December 2015, Bosch notified AEAS that its claims against Bosch were subject to binding arbitration. The following month, AEAS dismissed Bosch from this action. (Doc. No. 18 in 15-11829). Consequently, AEAS' claims against DENSO and Mitsuba are premised on joint and several liability for the damages alleged to be attributable to purchases from Bosch.

In its April 18, 2017 Order in the Spark Plugs and Oxygen Sensor component part cases, this Court held that to the extent a plaintiff seeks to hold a defendant jointly and severally liable for purchases from Bosch, the claims must be arbitrated pursuant to the arbitration clause incorporated by reference into the Bosch sales invoices under the doctrine of equitable estoppel. The Court determined that state law governed the availability of estoppel, and that Michigan law governed whether DENSO could enforce the Bosch arbitration agreement as a nonsignatory. (See Doc. No. 57 in 15-2101 at 6, 10). In its analysis, the Court recognized that a nonparty to an agreement may not be bound by its terms absent a recognized exception, and that estoppel was a recognized exception. (See Doc. No. 57 in 15-2101 (citing AFSCME Council 25 v. Wayne Cty., 811

2

N.W.2d 4, 11, 12 (Mich. Ct. App. 2011) and Thomson-CSF, S.A. v. Am. Arbitration Ass'n, 64 F.3d 773, 776 (2d Cir. 1995)).

Moreover, the Court concluded that under Michigan law, the proper test for the application of estoppel requires "both that the nonsignatory being compelled to arbitrate has a close relationship with one of the signatories and that the claims raised by the plaintiffs are related to the agreement containing an arbitration clause." (Order at 12, citing Thomas v. Right Choice Staffing Group, LLC, No. 15-10055, 2015 U.S. Dist. LEXIS 87073, at *18-19 (E.D. Mich. July 6, 2015); Southerland v. Corp. Transit of Am., No. 13-14462, 2014 U.S. Dist. LEXIS 138117, at *5 (E.D. Mich. Sept. 20, 2014)). After applying the law to the facts presented, the Court held that the direct purchaser plaintiffs were required to arbitrate claims arising from the damages attributable to Bosch's sales.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows district courts to dismiss a complaint that fails "to state a claim upon which relief can be granted." To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the plaintiff must show that his complaint alleges facts which, if proven, would entitle him to relief. First Am. Title Co. v. DeVaugh, 480 F.3d 438, 443 (6th Cir. 2007). "A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Weiner v. Klais & Co., 108 F.3d 86, 88 (6th Cir. 1997).

In Twombly, the Supreme Court considered the pleading requirements needed to withstand a motion to dismiss relative to a section 1 Sherman Act claim. It held that the complaint must contain enough factual matter to "plausibly suggest" an agreement:

> Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement. And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.

550 U.S. at 556.

When reviewing a motion to dismiss, the Court "must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains enough fact to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although the federal procedural rules do not require that the facts alleged in the complaint be detailed, "'a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.' " Twombly, 550 U.S. at 555; Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

## III. ANALYSIS

AEAS concedes in its response to the motion that "strict application" of the Court's decision in the prior component parts actions "would result in a ruling that the claims here are subject to arbitration under equitable estoppel." (Doc. No. 41 at 1). Although AEAS disagrees with the Court's decision in those actions, in order to preserve its arguments that the claims are not subject to arbitration here, AEAS opposes the motion.

Its opposition is not persuasive; AEAS has not advanced dispositive authority supporting a different outcome. The new case law it cited, Lenox MacLaren Surgical

4

Corp. v. Medtronic, Inc., 449 F. App's 704 (10th Cir. 2011), an unpublished opinion, addressed "whether and under what circumstances" the doctrine of equitable estoppel might "compel arbitration between a signatory and a nonsignatory" to an agreement. Id. at 709. The court concluded that the plaintiff was not seeking to hold the nonsignatory liable under the duties imposed by the underlying agreement.

In contrast, here, the Court held that the nonsignatory defendants had shown that the plaintiffs had raised allegations of interdependent and concerted misconduct and that the plaintiffs' claims related to the agreement containing an arbitration clause. (See Doc. No. 57 in 15-2101 at 12). The Court then determined that the defendants satisfied both prongs of the test. The same agreement is at issue in this case as well as the same claims. DPPs did not cite any case law demonstrating that the Michigan test for equitable estoppel is not met under the facts and circumstances presented here.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion.

**IT IS SO ORDERED.**

Date:   June 5, 2018                                s/Marianne O. Battani
                                                    MARIANNE O. BATTANI
                                                    United States District Judge


CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on June 5, 2018.

                                                    s/ Kay Doaks
                                                    Case Manager